IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DUANE MAURICE BURTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CIVIL NO.: WDQ-11-1719
CRIMINAL NO.: WDQ-09-0574

MEMORANDUM OPINION

Duane Burton pled guilty to one count of bank robbery. On July 14, 2010, he was sentenced to 97 months imprisonment. Pending is his *pro se* request to be released to home detention, construed as a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. For the following reasons, Burton's motion will be denied.

I. Background[1]

On November 30, 2008, Burton robbed a Provident Bank in Baltimore, Maryland. He told the tellers, "Give me the money and don't put any [dye] packs or I will shoot you." He took $4,256, but dropped $1,499 in the bank parking lot. ECF No. 23 at 8. From June 2008 to July 2009, Burton committed 11 other robberies and attempted three more. *Id.* at 8-9.

---

[1] The facts were stipulated in the plea agreement. ECF No. 23.

On November 5, 2009, Burton was indicted on 15 counts of bank robbery or attempted bank robbery. ECF No. 1. Assistant Federal Public Defender Franklin Draper, Esq., represented him. On April 29, 2010, Burton pled guilty to Count 6, involving the November 30, 2008 robbery, pursuant to a plea agreement. ECF Nos. 22, 23.

In his plea agreement, Burton admitted the robberies and agreed that the total offense level, including chapter 3 adjustments,[2] was 26. ECF No. 23 ¶6. The parties agreed that "no. . . sentencing guidelines factors [other than his criminal history category], potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute." *Id.* ¶8. The government agreed to recommend a "reasonable sentence based on 18 U.S.C. § 3553." *Id.* ¶9.

Burton and Draper signed the plea agreement. ECF No. 23 at 7. Burton acknowledged that he understood and voluntarily agreed to the plea agreement and did not wish to change any part of the stipulation, as the stipulated facts were true. *Id.* Draper represented that he had reviewed the agreement with McMillan, and McMillan had told him he understood and accepted the terms, and was signing the agreement voluntarily. *Id.*

---

[2] The government agreed not to oppose a two-level reduction in the offense level for acceptance of responsibility and to move for an additional one-level decrease. ECF No. 23 ¶6.

At sentencing, the Court concluded that Burton had a total offense level of 26 and was in Criminal History Category III. His advisory guideline sentence range was 78 to 97 months. ECF No. 30 at 1 (sealed). The Court sentenced Burton to 97 months imprisonment, three years supervised release, a $100 mandatory special assessment, and $2,757 restitution to M&T bank. ECF No. 29 at 2-5.

On June 16, 2011, Burton wrote a letter to the Court asking to be allowed to "go on home monitor[ing] now until 2-18-[2]017," when he becomes eligible for home detention. ECF No. 33. He pledged to volunteer during his "home monitor[ing]," and wear an ankle monitor. *Id.* Burton said that he has been "imprison[ed] without any rehabilitation programs" and that, despite the Court's recommendation that he be placed in a low-security facility, he was placed in a maximum security prison without rehabilitation programs. He emphasized that he "made a mistake" but "did not kill or hurt anyone." *Id.* On those bases, he requested a sentence reduction. *Id.*

The Court construed the letter as a § 2255 motion and ordered the government to respond. ECF No. 34. On September 6, 2011, the government opposed the motion. ECF No. 36. On February 24, the Court notified Burton that it intended to treat his request for a sentence reduction as a § 2255 motion, and gave him 20 days to notify the Court if he did not want his

letter treated as a § 2255 motion. ECF No. 39. Burton did not respond.

II. Analysis

    A.   § 2255 Motion

28 U.S.C. § 2255 provides an avenue for a prisoner to challenge his federal sentence

> upon the ground that the sentence was imposed in violation of the constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

The Court construes a *pro se* litigant's arguments liberally, even if "inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, Burton's arguments do not appear "to attack the validity of [his] conviction or sentence. For that reason, they must be rejected." *Holiday v. United States*, No. DKC-05-cr-0313, 2011 WL 3476567, *6 (D. Md. Aug. 8, 2011).

Further, Burton was sentenced within the advisory guidelines range after knowingly pleading guilty and stipulating to the final offense level. ECF No. 22; ECF No. 23; ECF No. 29 at 2-5.

B.  Certificate of Appealability

A certificate of appealability ("COA") must issue before a petitioner may appeal the decision in a 28 U.S.C. § 2255 case. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (*quoting Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (internal quotations omitted). Denial of a COA does not prevent a petitioner from seeking permission to file a successive petition or pursuing his claims upon receipt of such permission.

As Burton has not made a substantial showing of the denial of constitutional rights, this Court will not issue a COA.

III. Conclusion

For the reasons stated above, Burton's motion to vacate his sentence will be denied.

3/27/12
Date

William D. Quarles, Jr.
United States District Judge